ORTIZ & ORTIZ, L.L.P.  
32-72 Steinway Street, Suite 402  
Astoria, New York 11103  
Norma E. Ortiz  
Tel. (718) 522-1117  
*Counsel for the Debtor*

Hearing Date: **March 11, 2019**  
Time: **11:00 a.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  
In re

NIRKA ARIAS,    Case No. 15-11370-scc

Chapter 7

Debtor.  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF HEARING ON DEBTOR'S MOTION FOR AN ORDER
(1) RE-OPENING CHAPTER 7 CASE, (2) PERMITTING DEBTOR TO AMEND
SCHEDULE A/B, AND (3) PROSECUTE MALPRACTICE ACTION**

**PLEASE TAKE NOTICE**, that upon the annexed Motion dated February 20, 2019 (the "Motion"), of the above-captioned Debtor, the undersigned will move before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in the United States Bankruptcy Court of the Southern District of New York, One Bowling Green, New York, New York 10004, on the 11th day of March, 2019 (the "Hearing Date"), at 11:00 a.m., or as soon thereafter as counsel may be heard, for the entry of an order (1) re-opening Chapter 7 Case, (2) permitting Debtor to amend Schedule A/B, and (3) prosecute malpractice action against St. Luke's Roosevelt Hospital Center. The Debtor may request such other and further relief as is just and equitable at the hearing.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that any response to the Motion must (a) be in writing and (b) must be filed with the Clerk of the Bankruptcy Court electronically at www.nysb.uscourts.gov. If you do not have the ability to file an objection electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk with a copy of the objection saved on a diskette or compact disk in .pdf format no later than **seven (7) days** before the Hearing Date. A copy of the objection must be provided to (a) the Chambers of the Honorable Shelley C. Chapman, and (b) Ortiz & Ortiz, L.L.P., 32-72 Steinway Street, Suite 402, Astoria, NY 11103, so as to be received no later than **seven (7) days** before the Hearing Date. The objection must comply with the Bankruptcy Rules and the Local Bankruptcy Rules of the court and must state with particularity the legal and factual bases for such objection.

Dated: February 20, 2019
       Astoria, New York

                                                 /s/Norma E. Ortiz
                                                 Norma E. Ortiz
                                                 ORTIZ & ORTIZ, L.L.P.
                                                 32-72 Steinway Street, Ste. 402
                                                 Astoria, New York 11103
                                                 Tel. (718) 522-1117
                                                 Counsel to the Debtor

Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Suite 402
Astoria, New York 11103
Tel. (718) 522-1117
Fax (718) 596-1302
Counsel to the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

NIRKA ARIAS,                                                                       Case No. 15-11370-scc

                                                                                          Chapter 7
                            Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTOR'S MOTION FOR AN ORDER (1) RE-OPENING CHAPTER 7 CASE,
(2) PERMITTING DEBTOR TO AMEND SCHEDULE A/B, AND
(3) PROSECUTE MALPRACTICE ACTION**

  Nirka Arias (the "Debtor"), by her counsel Ortiz & Ortiz, L.L.P., hereby moves the Court for the entry of an order (1) reopening her Chapter 7 case pursuant to 11 U.S.C. § 350(b), (2) permitting Debtor to Amend Schedule A/B, and (3) prosecute her malpractice claim (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

### Background

  1. The Debtor filed a voluntary Chapter 7 petition on May 25, 2015 (the "Petition Date"). The Debtor fully prosecuted her case. The Chapter 7 Trustee appointed in her case was John S. Pereira. On July 5, 2015, Mr. Pereira filed a Report of No Distribution in the Debtor's case. On September 15, 2015, the Court issued an order of discharge in the Debtor's case. On September 21, 2015, the Debtor's chapter 7 case was closed.

2. As set forth in the annexed Declaration of Nirka Arias, the Debtor suffered a delayed diagnosis of breast cancer that she believes was the result of medical malpractice committed by St. Luke's Roosevelt Hospital Center (the "Center") and the physician that treated her, Ayemoethu Ma (the "Doctor"). When the Debtor located a lump on her right breast in 2013, she went to the Center for an examination. Unfortunately, the Center only examined her right breast, informed the debtor that the lump was benign, and failed to conduct an exam of her left breast. A year later, a malignant tumor was discovered in her left breast at an advanced stage of cancer. The Debtor underwent chemotherapy and was required to undergo a double mastectomy.

3. The Debtor was advised by her attorney in 2014 that she may have a claim against the Center and the Doctor (collectively, the "Defendants"), but she did not have the physical or emotional strength to bring a lawsuit at that time. While undergoing treatment and recovery, the Debtor could not meet all of her financial obligations and filed her Chapter 7 petition to discharge the consumer debt she could no longer satisfy. She did not list her potential claims in her petition because she did not intend to bring an action at that time.

4. Unfortunately for the Debtor, she continued to suffer from complications resulting from her treatment after her bankruptcy case was closed. The tissue expanders that had been inserted in her body as part of the reconstructive surgery had to be removed. One of her breast implants collapsed, requiring further reconstructive surgery in 2016. The Debtor continues to live in constant pain and discomfort.

5. Because of her continued suffering, the Debtor authorized her counsel to commence an action against the Defendants in 2016 in New York County under Index No. 805039/2016 (the "Malpractice Action"). The Defendants have moved to dismiss the

Malpractice Action because the potential claims (the "Claims") were not listed in the Debtor's bankruptcy schedules. The Debtor requests that the Court reopen her case, permit her amend her Schedule A/B to list the Claims, and permit her and/or the Chapter 7 Trustee to continue to prosecute the Malpractice Action.[1] The Debtor's tort counsel has informed her that he believes the amount that should be recovered in the action should be substantially greater than the amount needed to pay all creditors in full.

## Jurisdiction and Venue

6. The Court has jurisdiction over this motion. The U.S. District Court referred to this Court jurisdiction pursuant to 28 U.S.C. Sections 1334 and 157. Moreover, this is a core proceeding arising under 28 U.S.C. § 157. Venue of this motion is proper pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief requested include 11 U.S.C. §§ 105 and 350 and Fed. R. Bankr. Proc. 5010.

## Relief Requested

7. The Debtor seeks the entry of an order reopening her Chapter 7 case to permit her to amend her schedules to list the Claims, prosecute the Malpractice Action, and assist Mr. Pereira to administer any recovery for the benefit of her creditors. The Court has the authority to grant the Debtor's request pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. Proc. 5010. Section 350(b) provides in relevant part that a case may be reopened to accord relief to a debtor and administer assets for cause shown. Since the Claims arose prior to the Petition Date, they constitute estate assets under 11 U.S.C. §541 that should be administered for the benefit of all

---

[1] The Debtor recognizes that the Chapter 7 Trustee must be reappointed and must administer any recovery for the benefit of creditors.

creditors.

8.    The Court has wide discretion in determining whether cause exists to reopen a case, and may consider numerous factors, including ethical concerns. E.g., In re Critical Care Support Servs., 236 B.R. 137, 140 (Bankr. E.D.N.Y. 1999) (quoting In re Emmerling, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)); In re Arana, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011). In fact, some courts have found that a court may have the "duty to reopen the case whenever there is proof that is has not been fully administered.'" In re Stein, 394 B.R. 13, 15-16 (Bankr. E.D.N.Y. 2008).

8.    The factors commonly considered by the courts in this District when deciding whether to reopen a case include: (1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue that is the basis for reopening the case; (3) whether prior litigation in the bankruptcy court determined that another court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to any party by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming if the motion to reopen is granted. See In re Easley–Brooks, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013); In re Atari, Inc., No. 13-10176 (JLG), 2016 WL 1618346, at *4–5 (Bankr. S.D.N.Y. Apr. 20, 2016). Applying these factors to the circumstances of this case compel the conclusion that the case should be reopened.

9.    First, although the chapter 7 case was closed in 2015, the Malpractice Action was commenced in 2016. The Defendants have been on notice of the Debtor's Claims for over 2 years. Under these circumstances, the Court should find that the length of time since this case

was closed does not warrant denial of the Motion.

10. Second, a nonbankruptcy forum - the New York State Supreme Court - has jurisdiction to resolve the Claims. However, the Defendants have relied on the Debtor's failure to list the Claims in support of a motion to dismiss the Malpractice Action. Permitting the Debtor to reopen this chapter 7 case and schedule the Claims will eliminate this defense and allow the state court to resolve the issues presented on the merits of the Debtor's arguments.

11. Third, no prior litigation concerning this issue was brought before the Court when the Chapter 7 case was pending.

12. Fourth, the Debtor and her creditors would be prejudiced if the Court denies the Motion. The aggregate amount of the claims against the estate were less than $25,000 on the Petition Date. The Debtor has suffered damages in excess of that amount. If the Debtor prevails in the action, she would provide full payment to all creditors and recover funds for her family's benefit.

13. Fifth, the Debtor – a single mother with minor children – would greatly benefit from any funds she may recover after her chapter 7 estate is administered. In this case, any prejudice to the Defendants is greatly outweighed by the benefit that is rightly deserved by the Debtor.

14. Sixth, if the Court grants the Motion, the Debtor and the Defendants may move forward to resolve the Claims in state court.

15. The Court may also consider the fact that the Debtor's failure to disclose the potential Claims was unintentional and wholly inadvertent. E.g., In re Lowery, 398 B.R. 512, 515-16 (Bankr. E.D.N.Y. 2008); In re Arana, 456 B.R. at 161, 172 (Bankr. E.D.N.Y. 2011). This

5

factor further supports the Debtor's assertion that cause exists to reopen her vase under Section 350(b).

16. No previous motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form of the proposed order annexed hereto granting the motion, permitting the Debtor to amend Schedule A/B, and grant such other and further relief as is just and proper.

Dated: Astoria, New York
February 20, 2019

                                                 _/s/Norma E. Ortiz_
                                                 Norma E. Ortiz, Esq.
                                                 Ortiz & Ortiz, L.L.P.
                                                 32-72 Steinway Street, Suite 402
                                                 Astoria, New York 11103
                                                 Tel. (718) 522-1117
                                                 *Counsel for the Debtor*

# DECLARATION OF NIRKA ARIAS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

NIRKA ARIAS,                                                                Case No. 15-11370-scc

                                                                                         Chapter 7
                            Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF NIRKA ARIAS

Nirka Arias, the above-captioned Debtor, hereby declares as follows:

1. In or about 2013, I sought a medical examination after finding a lump in one of my breasts from St. Luke's Hospital Center (the "Center"). An examination was performed solely on the breast containing the lump and it was determined that the tumor was benign.

2. Approximately one year later, I felt a lump on my other breast. I was diagnosed with advanced breast cancer and began treatment. My treatment required a double mastectomy and chemotherapy. I underwent extensive treatment and was emotionally devastated by my illness. I am a mother of three young daughters. I was often sick and unable to work for months at a time, and my children suffered as a result.

3. I was forced to file a Chapter 7 bankruptcy petition in May 2015 to resolve what was mostly consumer credit card debt I had incurred and was unable to pay. My petition was filed on May 25, 2015, and my case was closed, as a no-asset case, on September 21, 2015.

4. I consulted with an attorney in 2014 to determine if I had a claim against the Center or the physician that treated me. Although I was informed that I had a potential claim that arose from the failure to check both of my breasts in 2013, I did not pursue the claim at that

time. I was emotionally unstable and did not have the physical or mental strength to bring a lawsuit. I moved to Florida for a number of months, and returned to New York. When I filed my bankruptcy petition, I did not list the potential claim against the Center or the doctor that treated me. I did not, at that time, intend to pursue a claim against the Center and the doctor.

5. However, after the bankruptcy case was closed, I continued to suffer complications from the surgery performed by the Center. The tissue expanders that had been placed in my body as part of the reconstructive surgery had to be removed. One of the implants that had been inserted in my body collapsed, and I had to undergo further reconstructive surgery in 2016. As of the date of this writing, I continue to live in constant pain and have restrictions in my movement and constant discomfort.

6. I contacted my attorneys and decided to proceed with a claim against the Center and the doctor that treated me in 2016. The Center has sought to stop me from proceeding because I did not list the claims in my bankruptcy schedules. As stated above, I did not list the claims because I did not intend to pursue them when I filed my bankruptcy case. My continued suffering and medical problems resulting from the reconstructive surgery caused me to make the decision to proceed. I did not, under any circumstances, intentionally omit the claims from my bankruptcy schedules.

7. My attorney has informed me that he believes that any recovery I receive in my action against the Center and the doctor should yield a significant amount of money, and should result in full payment of all the claims asserted against me when I filed my petition. I estimate the aggregate amount of the claims in case is less than $25,000.00.

8. I implore the Court to permit me to reopen my case, amend my schedules to permit me to list the claim, and permit me the opportunity to prosecute my action against the Center and

the doctor. The Center has brought a motion to dismiss my action for the sole reason that I did not list these claims. It would be very unfair, under these circumstances, to permit the Center to avoid responsibility for the actions that have ruined my life and adversely affected the lives of my daughters.

    I declare under the penalty of perjury that the foregoing is accurate and true.

Dated: February 20, 2019
       Bronx, New York

                                                                Nirka Arias

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

NIRKA ARIAS,                                                  Case No. 15-11370-scc

                                                              Chapter 7
                            Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING DEBTOR'S MOTION TO (1) RE-OPENING CHAPTER 7 CASE,
(2) PERMITTING DEBTOR TO AMEND SCHEDULE B, AND
(3) PROSECUTE MALPRACTICE ACTION**

Upon the Motion (the "Motion") of Nirka Arias (the "Debtor"), for the entry of an order to reopen the above referenced case pursuant to 11 U.S.C. § 350(b), and for an order permitting her to amend her Schedule B and prosecute a malpractice action against by St. Luke's Roosevelt Hospital Center and Ayemoethu Ma (the "Malpractice Action"); adequate notice of the Motion having been given, and sufficient cause for the relief requested having been demonstrated, it is hereby

**ORDERED**, the above-entitled bankruptcy case be, and the same is hereby, reopened pursuant to 11 U.S.C. § 350(b); and it is further

**ORDERED**, the Debtor may amend her Schedule A/B; and it is further

**ORDERED**, that the Debtor may proceed with the Malpractice Action; and it is further

**ORDERED**, that any recovery from the Malpractice Action must be turned over to the Chapter 7 trustee assigned to this case for administration for the benefit of the creditors in this case.

Dated: Brooklyn, New York
       March ___, 2019

                                                              _____
                                                              HON. SHELLEY C. CHAPMAN
                                                              U.S. BANKRUPTCY JUDGE